1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON, | NO. |
| Plaintiff, | COMPLAINT |
| v. | Freedom of Information Act, 5 U.S.C. § 552 |
| U.S. NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, an agency of the United States, | |
| Defendant. | |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## I.      INTRODUCTION

1.      This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking the release of records unlawfully withheld by the U.S. National Archives and Records Administration (NARA) related to the proposed sale of the federal facility that houses the National Archives at Seattle. More than six months have passed since the Office of the Attorney General (AGO) filed a FOIA request seeking documents on this important issue, but NARA has still not provided a single document to the State.

2.      On January 26, 2020, the Office of Management and Budget (OMB) approved a recommendation of the Public Buildings Reform Board (PBRB) to sell the Federal Archives and Records Center located at 6125 Sand Point Way NE, Seattle, WA 98115 (the Seattle facility). The Seattle facility is currently occupied by NARA and houses the National Archives at Seattle.

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

3.      The National Archives at Seattle provides public access to permanent records created by Federal agencies and courts in Alaska, Idaho, Oregon, and Washington. It houses a significant body of tribal and treaty records relating to the federally recognized tribes and native corporations in the Pacific Northwest, including records from Bureau of Indian Affairs offices and Indian agencies and schools in Alaska, Idaho, Oregon, and Washington. It also maintains 50,000 files related to the Chinese Exclusion Act of 1882, as well as some records related to the internment of Japanese-Americans in World War II. The National Archives at Seattle is routinely used by researchers, historians, genealogists, and tribes in the Pacific Northwest.

4.      The report recommending the sale of the Seattle facility (the PBRB Report[1]) indicates that the federal records and archival materials at the Seattle facility, including the materials at the National Archives at Seattle, would be removed from the Pacific Northwest and relocated to NARA facilities in Kansas City, Missouri, and Riverside, California.

5.      Neither PBRB nor OMB conducted outreach to state, local, or tribal officials prior to publicly announcing the sale of the facility housing the National Archives at Seattle. As a result, state, local, and tribal officials were not given the opportunity to present information detailing how the pending sale would harm them. There were also no public hearings in Washington, Idaho, Oregon, or Alaska, where members of the public could have provided input and information about the importance of keeping records at the Seattle facility in the Pacific Northwest.

6.      The PBRB Report states that NARA "indicated its willingness and desire to consolidate operations at more modern existing NARA facilities." Regarding the effect that closing the facility might have on the public's "access to services," the PBRB Report states that "NARA ha[d] determined that it can fulfill its mission needs at the target relocation facilities."

---

[1]   https://www.pbrb.gov/assets/uploads/20191227%20High%20Value%20Assets%20Report%20as%20Required%20by%20FASTA.pdf (last visited Aug. 13, 2020).

7.     On February 3, 2020, the Office of the Attorney General for the State of Washington (the AGO) submitted a request for certain documents to NARA (the FOIA Request), via both electronic mail and the U.S. Postal Service.

8.     The AGO's February 3, 2020 FOIA request sought "[a]ll records and communications" between NARA and PBRB/OMB "related to the Federal Archives and Records Center located at 6125 Sand Point Way NE, Seattle, WA 98115 from May 10, 2019 to January 28, 2020" as well as certain communications between NARA and the Government Services Administration related to the Seattle facility.

9.     On February 6, 2020, the AGO received an electronic mail message from admin@foiaonline.gov "confirm[ing] your request submission to the FOIA online application" and listing the "Date Submitted: 02/03/2020." The electronic mail message listed the tracking number for the FOIA Request as NARA-NGC-2020-000311.

10.    The AGO has received no communication from NARA regarding the FOIA Request since the agency's electronic email message confirming receipt.

11.    In light of the critical regional importance of the records held at the National Archives of Seattle, Washingtonians and all residents of the Pacific Northwest, including the many federally-recognized tribes and native corporations in this region, deserve to know how the decision was made to sell the Seattle facility and to relocate the federal archives records of the Pacific Northwest to NARA facilities in Missouri and California.

## II.     JURISDICTION AND VENUE

12.    This Court has jurisdiction over this action under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), and under 28 U.S.C. § 1331, because this action arises under the laws of the United States, including FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201.

13.    Venue is proper in this court under 5 U.S.C. § 552(a)(4)(B), as the FOIA Request was issued from a State of Washington office in Seattle, in the Western District of Washington.

14.     Because NARA failed to respond to the FOIA Request, or even to notify the AGO of an extension of time, within 20 business days, no administrative appeal is required under 5 U.S.C. § 552(a)(6)(C).

### III.   PARTIES

15.     Plaintiff State of Washington is a sovereign entity and brings this action to protect its own sovereign and proprietary rights, and as *parens patriae* on behalf of its affected citizens and residents. The Attorney General is the chief legal adviser to the State of Washington. The Attorney General's powers and duties include acting in federal court on matters of public concern. This challenge is brought pursuant to the Attorney General's independent constitutional, statutory, and common law authority to bring suit and obtain relief on behalf of the State of Washington.

16.     Defendant National Archives and Records Administration is an agency of the United States. NARA has possession of and control over the records sought by the AGO in its February 3, 2020 FOIA Request.

### IV.   STATUTORY BACKGROUND

17.     FOIA requires agencies to "make available to the public information." 5 U.S.C. § 552(a). Any information subject to FOIA must be disclosed. "[E]ach agency, upon any request for records . . . shall make the records promptly available to any person." *Id.* § 552(a)(3).

18.     "[U]pon any request for records made under [§ 552(a)](1), (2), or (3)," an agency has 20 business days to determine whether to comply. *Id.* § 552(a)(6)(A). NARA's FOIA regulations also require a response within 20 days or notification to the requester that "complicating factors" prevent NARA from making a decision within 20 working days. 36 C.F.R. § 1250.26.

19.     An agency may only withhold documents that fall within one of the enumerated exemptions from FOIA. If an agency withholds documents, it must provide a "*Vaughn* Index" that adequately identifies the specific documents withheld. *See Vaughn v. Rosen*, 484 F.2d 820,

4

827 (D.C. Cir. 1973). "A withholding agency must describe *each* document or portion thereof withheld, and for *each* withholding it must discuss the consequences of disclosing the sought-after information." *King v. U.S. Dep't of Justice*, 830 F.2d 210, 223–24 (D.C. Cir. 1987) (emphasis in original). *See Wiener v. FBI*, 943 F.2d 972, 978 (9th Cir. 1991) (requiring a *Vaughn* Index and finding it inadequate); *Andrus v. United States Dep't of Energy*, 200 F. Supp. 3d 1093, 1105 (D. Idaho 2016) (same).

20.     A court may review an agency's decision to withhold documents, and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). An agency cannot justify its withholding by offering nothing more than "[c]onclusory and generalized allegations." *Nat'l Parks & Conservation Ass'n v. Kleppe*, 547 F.2d 673, 680 (D.C. Cir. 1976). When the agency fails to sustain its burden, the court may "order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## V.     STATEMENT OF FACTS

21.     On February 3, 2020, the AGO submitted a request for certain documents to NARA, via both electronic mail and the U.S. Postal Service.

22.     The AGO's February 3, 2020 FOIA Request sought:

a.     "All records and communications with the Public Buildings Reform Board related to the Federal Archives and Records Center located at 6125 Sand Point Way NE, Seattle, WA 98115 from May 10, 2019 to January 28, 2020."

b.     "All records and communications with the Office of Management and Budget related to the Federal Archives and Records Center located at 6125 Sand Point Way NE, Seattle, WA 98115 from May 10, 2019 to January 28, 2020."

c.     "All records and communications with the Government Services Administration to identify "high value" properties in response to the Federal Assets Sale and Transfer Act of 2016 (FASTA) from December 16, 2016 to January 28, 2020."

d.      "All records and communications with the Government Services Administration related to the Federal Archives and Records Center located at 6125 Sand Point Way NE, Seattle, WA 98115 from December 16, 2016 to January 28, 2020."

23.     On February 6, 2020, the AGO received an electronic mail message from admin@foiaonline.gov "confirm[ing] your request submission to the FOIA online application." The electronic mail message stated as follows:

- Tracking Number: NARA-NGC-2020-000311
- Requester Name: Ms. Lauryn K Fraas
- Date Submitted: 02/03/2020
- Request Status: Submitted
- Description: Request for records concerning the approval of the High Value Property Recommendation by the Public Buildings Reform Board concerning NARA Seattle, 6125 Sand Point Way NE, Seattle, WA 98115. See attached letter.

24.     NARA was required by FOIA to respond to the FOIA Request by March 4, 2020.

25.     The AGO has received no communication from NARA regarding the FOIA Request since the initial February 6, 2020 electronic email message confirming receipt.

32.     NARA has not notified the AGO that additional time is needed to process the FOIA Request, nor has NARA asked the AGO to clarify or modify the FOIA request.

## VI.     FIRST CLAIM FOR RELIEF
### Violation of the Freedom of Information Act – Failure to Respond
### 5 U.S.C §§ 552(a)(3), (a)(4)(B)

34.     Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

35.     NARA violated FOIA by failing to respond to the FOIA Request for records within 20 business days.

## VII.     SECOND CLAIM FOR RELIEF
### Violation of the Freedom of Information Act – Failure to Produce Records
### 5 U.S.C §§ 552(a)(3), (a)(4)(B)

36.     Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

37.     NARA further violated FOIA by failing to conduct searches reasonably calculated to locate the requested records, and promptly provide records, or reasonably segregable portions of lawfully exempt responsive records, in response to the AGO's request for records.

## VIII.   PRAYER FOR RELIEF

The State of Washington respectfully requests that this Court:

1.      Declare that the NARA violated FOIA by failing to make a determination on the FOIA Request within the time period prescribed by law;

2.      Declare that NARA violated FOIA by failing to conduct searches reasonably calculated to locate the requested records, and promptly provide all responsive records;

3.      Declare that NARA waived its right to request fees for processing the AGO's request by failing to respond timely to the request;

4.      Order NARA to provide a determination on the FOIA Request, at no cost to the State;

5.      Order NARA to conduct searches reasonably calculated to locate the requested records, and release all records responsive to the FOIA Request within 20 days of this Court's order, at no cost to the State of Washington;

6.      Enjoin NARA from withholding agency records and order the production of all agency records improperly withheld from the State of Washington;

7.      Retain jurisdiction over this action to ensure the processing of the FOIA Request is in compliance with FOIA and any orders of this Court;

8.      Award Plaintiff its costs of litigation, including reasonable attorney fees as provided by FOIA, and any other applicable provision of law; and

9.      Grant such other relief as the Court may deem just and proper.

7

1    RESPECTFULLY SUBMITTED this 17th day of August 2020.

2
                              ROBERT W. FERGUSON
3                             Attorney General

4
                              /s/ Lauryn K. Fraas
5                             LAURYN K. FRAAS, WSBA #53238
                              Assistant Attorney General
6                             Lauryn.Fraas@atg.wa.gov

7
                              /s/ Nathan K. Bays
8                             NATHAN K. BAYS, WSBA #43025
                              Assistant Attorney General
9                             Nathan.Bays@atg.wa.gov

10                            Office of the Attorney General
                              800 Fifth Avenue, Suite 2000
11                            Seattle, WA 98104
                              (206) 464-7744
12                            Attorneys for Plaintiff State of Washington

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT                              8