The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>U.S. NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, an agency of the United States of America,<br><br>Defendant. | Case No. 2:20-cv-1232-RSL<br><br>**ANSWER** |

COMES NOW, Defendant United States National Archives and Records Administration ("NARA") by and through Brian T. Moran, United States Attorney, Western District of Washington, and Katie D. Fairchild, Assistant United States Attorney for said District, and hereby answers Plaintiff's Complaint, Dkt. 1, as follows:

In response to the numbered paragraphs of the Complaint, NARA admits, denies, or otherwise answers as follows:

I.   INTRODUCTION

1.   The allegations in Paragraph 1 sets forth Plaintiff's characterization of this action, to which no response is required. To the extent that a response is deemed necessary, NARA admits that the action is brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C.

ANSWER
2:20-cv-1232-RSL
PAGE– 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

§ 552 and that Plaintiff requested agency records. The FOIA statute speaks for itself and NARA denies any characterization of FOIA inconsistent with the language of the statute.

2. NARA admits that the National Archives at Seattle facility is located at 6125 Sand Point Way NE, Seattle, WA 98115. The remaining allegations in Paragraph 2 consist of allegations that are immaterial to this FOIA action, provide no claim for relief under FOIA, nor support a claim to which a response is required. To the extent that a response is deemed necessary, NARA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute.

3. NARA admits the first sentence of Paragraph 3. The remaining allegations in Paragraph 3 consist of Plaintiff's characterization of NARA's holdings at its Seattle facility and Plaintiff's characterization as to who uses the Seattle facility and the frequency with which it is used. These allegations are immaterial to this FOIA action, provide no claim for relief under FOIA, nor support a claim to which a response is required. To the extent that a response is deemed necessary, NARA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute.

4. The allegations in paragraph 4 consist of Plaintiff's characterizations of the PBRB Report, which are immaterial to this FOIA action, provide no claim for relief under FOIA, nor support a claim to which a response is required. To the extent that a response is deemed necessary, NARA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute.

5. The allegations in paragraph 5 consist of Plaintiff's characterizations of the actions of other entities, which are immaterial to this FOIA action, provide no claim for relief under FOIA, nor support a claim to which a response is required. To the extent that a response is deemed necessary, NARA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute.

6. The allegations in paragraph 6 consist of Plaintiff's characterizations of the PBRB Report, which are immaterial to this FOIA action, provide no claim for relief under FOIA, nor

ANSWER
2:20-cv-1232-RSL
PAGE– 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Case 2:20-cv-01232-RSL   Document 8   Filed 09/17/20   Page 3 of 7

support a claim to which a response is required. To the extent that a response is deemed necessary, NARA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute. NARA further answers that the PBRB report speaks for itself and denies any characterization of it inconsistent with its contents.

7. NARA admits it received a FOIA request, dated February 3, 2020, from Plaintiff via electronic mail.

8. The allegations in Paragraph 8 contain Plaintiff's characterization of its FOIA request, the content of which speaks for itself, and to which no response is required. NARA respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any characterization inconsistent with the language of Plaintiff's FOIA request.

9. To the extent that the allegations in Paragraph 9 purport to characterize a communication from NARA to Plaintiff, NARA answers that the contents of any written communication received from NARA speak for themselves, and NARA denies any characterization inconsistent with the language of that communication. NARA is without sufficient information at this time to know when Plaintiff received the communication described in Paragraph 9 and therefore denies those allegations at this time.

10. Denied. By way of further answer, NARA states that at least two email communications were sent to Plaintiff acknowledging its FOIA request, the contents of which speak for themselves.

11. The allegations in Paragraph 11 sets forth Plaintiff's characterization of this action, to which no response is required. These allegations are immaterial to this FOIA action, provide no claim for relief under FOIA, nor support a claim to which a response is required. To the extent that a response is deemed necessary, NARA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute.

II.   JURISDICTION AND VENUE

ANSWER
2:20-cv-1232-RSL
PAGE– 3

UNITED STATES ATTORNEY
700 S‌TEWART S‌TREET, S‌UITE 5220
S‌EATTLE, W‌ASHINGTON 98101
(206) 553-7970

12. Paragraph 12 contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, NARA states that the cited authority speaks for itself, and puts Plaintiff to its proof.

13. Paragraph 13 contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, NARA states that the cited authority speaks for itself, and puts Plaintiff to its proof.

14. Paragraph 14 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, NARA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute.

### III.   PARTIES

15. NARA currently is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them at this time.

16. With regard to the first sentence, NARA admits that it is an agency within the United States government subject to FOIA. The remaining allegations of Paragraph 16 consist of conclusions of law or a characterization of Plaintiff's FOIA request to which no further response is required. To the extent that a further response is deemed necessary, NARA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute and that Plaintiff's FOIA request speaks for itself.

### IV.   STATUTORY BACKGROUND

17. Paragraph 17 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, NARA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute.

18. Paragraph 18 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, NARA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute.

19. Paragraph 19 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, NARA states that the FOIA statute speaks for

ANSWER
2:20-cv-1232-RSL
PAGE– 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

itself and denies any characterization of FOIA inconsistent with the language of the statute.

20.   Paragraph 20 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, NARA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute.

V.   STATEMENT OF FACTS

21.   NARA admits it received a FOIA request, dated February 3, 2020, from Plaintiff via electronic mail.

22.   The allegations in Paragraph 22 contain Plaintiff's characterization of its FOIA request, the content of which speaks for itself, and to which no response is required. NARA respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any characterization inconsistent with the language of Plaintiff's FOIA request.

23.   To the extent that the allegations in Paragraph 23 purport to characterize a communication from NARA to Plaintiff, NARA answers that the contents of any written communication received from NARA speak for themselves, and NARA denies any characterization inconsistent with the language of that communication. NARA is without sufficient information at this time to know when Plaintiff received the communication described in Paragraph 23 and therefore denies those allegations at this time.

24.   Paragraph 24 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, NARA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute.

25.   Denied. By way of further answer, NARA states that at least two email communications were sent to Plaintiff acknowledging its FOIA request, the contents of which speak for themselves.

32.   Paragraph 32[1] consists of legal conclusions to which no response is required. To

---

[1] Plaintiff's numbering appears to have an error. NARA's numbering follows the numbering in Plaintiff's Complaint, Dkt. 1.

ANSWER
2:20-cv-1232-RSL
PAGE– 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the extent that a response is deemed necessary, NARA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute.

### VI. FIRST CLAIM FOR RELIEF
Violation of the Freedom of Information Act – Failure to Respond
5 U.S.C §§ 552(a)(3), (a)(4)(B)

34. Paragraph 34 purports to reallege and incorporate all preceding paragraphs and therefore no response is required. To the extent a response is required, the NARA reasserts its response to all preceding paragraphs.

35. Paragraph 35 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, NARA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute.

### VII. SECOND CLAIM FOR RELIEF
Violation of the Freedom of Information Act—Failure to Produce Records
5 U.S.C §§ 552(a)(3), (a)(4)(B)

36. Paragraph 36 purports to reallege and incorporate all preceding paragraphs and therefore no response is required. To the extent a response is required, NARA reasserts its response to all preceding paragraphs.

37. Paragraph 37 consists of legal conclusions to which no response is required. To the extent that a response is deemed necessary, NARA states that the FOIA statute speaks for itself and denies any characterization of FOIA inconsistent with the language of the statute.

### VIII. PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint sets for Plaintiff's prayer for relief, to which no response is required. To the extent that a response may be deemed necessary, NARA states that Plaintiff is not entitled to the requested relief.

### GENERAL DENIAL

Pursuant to Rule 8(b)(3) NARA denies all allegations in the Complaint which it has not otherwise specifically admitted or denied herein.

### DEFENSES

1. As to some or all of the claims asserted in this action, Plaintiff has failed to state a claim

ANSWER
2:20-cv-1232-RSL
PAGE– 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

upon which relief may be granted under FOIA.

2. As to some or all of the claims asserted in this action, Plaintiff has failed to exhaust administrative agencies as required by FOIA.

3. Plaintiff has not established a right to attorney's fees.

4. To the extent that the Complaint refers to or quotes from external documents or other sources, NARA's answer may refer to these materials; however NARA's references are not intended to be, nor should they be construed to be, and admission that the materials cited in Plaintiff's Complaint are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this or any other action; or (c) admissible in this, or any other action.

5. NARA reserves the right to amend, supplement, and assert additional affirmative defenses.

.

DATED this 17th day of September, 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/Katie D. Fairchild*
KATIE D. FAIRCHILD, WSBA #47712
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
Phone:  206-553-4358
Fax:  206-553-4067
Email:  katie.fairchild@usdoj.gov

*Attorney for Defendant*

ANSWER
2:20-cv-1232-RSL
PAGE– 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970